IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO ESQUIVEL-CABRERA,<br><br>             Plaintiff,<br><br>    v.<br><br>ZARAGOSA, et al.,<br><br>             Defendants. | 1:11-cv-00831 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER |

Plaintiff is a federal prisoner proceeding pro se in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On October 20, 2011, an order was entered, denying Plaintiff's motion for a stay of this action pending deportation proceedings. In that order, Plaintiff was directed to advise the Court, within thirty days, of his immigration status. Plaintiff was advised that his failure to do so would result in dismissal of this action without further notice. Plaintiff has failed to file a response.[1]

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power

---

[1] Court records indicate that the findings and recommendations served upon Plaintiff at his address of record were returned by the U.S. Postal Service with the indication that Plaintiff is not located at his address of record. Local Rule 183(b) requires Plaintiff to keep the Court informed of his address.

to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;

1  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.
2       Accordingly, IT IS HEREBY ORDERED that this action is dismissed for Plaintiff's
3  failure to obey a court order.   The Clerk is directed to close this case.

6       IT IS SO ORDERED.

7  Dated:   **November 29, 2011**               /s/ Gary S. Austin
                                          UNITED STATES MAGISTRATE JUDGE

3